UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 04-43-DCR |
| V. | ) ) | |
| ROBERT B. GREIS, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of *pro se* Defendant Robert B. Greis' letter requesting appointment of counsel. [Record No. 51] With respect to this request, the Court notes that the United States Constitution does not provide a right to counsel in collateral proceedings. *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005).[1] For most motions filed seeking habeas relief, requests for appointment of counsel should be considered under 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2255(g). Ultimately, however, the decision to appoint counsel rests within the sound discretion of the court, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B). Counsel should be appointed "'if given the difficulty of the case and the litigant's ability, [he] could not obtain a lawyer on his own, and [he] would have a

---

[1] Precedent under 28 U.S.C. § 2254 may be applied, when appropriate, to § 2255 cases. *See Davis v. United States*, 94 S.Ct. 2298, 2304 ("... § 2255 was intended to mirror § 2254 in operative effect...."); *United States v. Vancol*, 916 F. Supp. 372, 377 n.3 (D.Del. 1996)

reasonable chance of winning with a lawyer at [his] side'." *Thirkield v. Pitcher*, 199 F. Supp.2d 637, 653 (E.D. Mich. 2002) (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

A review of the this matter reveals that Greis entered a guilty plea and was sentenced on January 21, 2005. Thus, over six years have passed since sentencing and without any action being taken by Greis to challenge his sentence or underlying conviction. Further, 28 U.S.C. § 2255(f) establishes a one-year limitations period applicable to requests for habeas relief. Under the facts presented, the Court cannot conclude that Greis would have a "reasonable chance of winning" either with or without a lawyer at his side. Therefore, the Court concludes that it would be a waste of resources to appoint counsel for him. Accordingly, it is hereby

**ORDERED** that the Defendant's motion for appointment of counsel [Record No. 51] is **DENIED**.

This 15th day of February, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge