UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 04-043-DCR |
| ) | |
| V. ) | |
| ) | |
| ROBERT B. GREIS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Robert Greis pleaded guilty to one count of permitting a minor to engage in sexually explicit conduct for the purpose of producing visual depictions for distribution in violation of 18 U.S.C. § 2251(b), and four counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). [Record No. 43] In relevant part, Greis targeted a victim through a mentorship organization for underprivileged youths. The Court sentenced him to 405 months' imprisonment, followed by a lifetime term of supervised release. [Record No. 41]

Greis has now filed a motion for a sentence reduction "due to the risk presented by the Covid-19 virus," which he has now supplemented with medical records. [Record Nos. 61 and 67] However, Greis has failed to show any "extraordinary and compelling reason" to justify compassionate release. And even if he had made this showing, the relevant sentencing factors weigh heavily against a sentence reduction.[1] Accordingly, Greis's motion will be denied.

---

[1] The United States was given fourteen days to respond the defendant's motion following supplementation. [Record No. 64] However, after reviewing the additional materials submitted by Greis, the Court determines that a response is not needed to resolve the issues presented.

Greis must satisfy the "three substantive requirements for granting relief" under 18 U.S.C. § 3582(c)(1)(A) to receive a sentence reduction. *United States v. Ruffin*, No. 20-578, ---- F.3d ----, 2020 WL 6268582 (slip op. at 6) (6th Cir. Oct. 26, 2020). The statute gives district courts the authority "to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support the reduction." *United States v. Brummett*, No. No-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020). In determining whether "extraordinary and compelling reasons" exist, the Court initially looks to Section 1B1.13 of the United States Sentencing Guidelines.

**a. Extraordinary and Compelling Reasons**

Greis cites numerous medical conditions, which he contends justify release: borderline diabetes, papillary thyroid cancer (resulting in a thyroidectomy), hypothyroidism, hypertension, and obesity. [Record No. 61, p. 1] He also cites a gastric bypass procedure. [*Id.*] Greis's medical records add some context to these claims, clarifying that diagnosis and treatment of his thyroid cancer occurred in 2004 and 2005. [Record No. 67, pp. 30, 89] There is no indication that he currently suffers from thyroid cancer. However, Greis's medical records indicate that he suffers from a number of manageable medical conditions.

For medical conditions to constitute "extraordinary and compelling reasons" justifying release, an inmate should be "suffering from a terminal illness" or "from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected

to recover." U.S.S.G. § 1B1.13 n.1(A). Greis's medical records do not demonstrate that his conditions fall within either category, and he does not argue that they do. Rather, he argues that his non-qualifying conditions, combined with the risks associated with the ongoing pandemic, constitute extraordinary and compelling reasons. [Record No. 61, p.1] But the risk of COVID-19 "is not sufficient to justify release." *United States v. Brummett*, 2020 WL 6120457, at *2 (E.D. Ky. Oct. 16, 2020) (citations omitted). Absent any "evidence that he currently suffers from COVID-19 or any other unmanageable, debilitating, or terminal condition," his claim fails on the merits. *Id.*

### b. Community Danger & Section 3553(a) Factors

Even if Greis's medical conditions justified release, other factors weigh heavily against it. Under Section 3582(c), the Court must also examine whether "the defendant is not a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), and determine whether a reduction would be consistent with the factors in 18 U.S.C. § 3553(a). Those factors include "the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 2020 WL 6268582 (slip op. at 8). Considering all relevant factors, a reduction of Greis's sentence would be wholly inappropriate.

The nature of Greis's crimes was given significant consideration during his original sentencing hearing, and it continues to weigh heavily in the Court's analysis today. The undersigned found that Greis "took advantage of the most helpless and vulnerable children he could find—those with learning and other disabilities." [Record No. 38, p. 2] One victim was

a young child assigned through a mentorship program. [*Id.*] Serious injuries were inflicted as a direct result of the defendant's actions. [*Id.*]

Greis's argument that he "is wholly committed to re-entering society as a productive member of the community" carries little weight. [Record No. 61, p. 2] Beyond expressing willingness to comply with the conditions of supervised release and citing completion of various prison programs, he offers no evidence that the threat he poses to the young, vulnerable members of the community has abated since his imprisonment. And finally, he has not argued that early release would promote respect for the law or deter others from committing similar crimes. None of the relevant factors weigh toward release.

In summary, Greis has given the Court no reason to conclude that a reduced sentence would be sufficient to achieve any of the purposes outlined in 18 U.S.C. § 3553(a). Instead, to reduce the defendant's sentence by over 12 and one-half years[2] would wholly fail to reflect either the seriousness of his crimes or the significant harm he has caused. Likewise, such a reduction would not provide sufficient general deterrence to others who might be inclined to participate in such offenses. And neither public protection nor just punishment would be achieved by a sentence reduction in this case.

Accordingly, it is hereby

**ORDERED** that Defendant Greis's motion for a sentence reduction [Record No. 61] is **DENIED**.

---

[2] According to the Federal Bureau of Prison's Inmate Locator Service, Greis's projected release date is currently June 20, 2033. (*See* https://www.bop.gov/inmateloc/ (last visited November 16, 2020).)

- 5 -

Dated: November 16, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky